U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 1 5 2023

TONY R. MOORE, CLERK
BY: _____
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 5:23-cr-00174 |
| | * | |
| VERSUS | * | JUDGE HICKS |
| | * | |
| JOHN WAYNE MORGAN JR. | * | MAGISTRATE JUDGE HORNSBY |

## PLEA AGREEMENT

A. INTRODUCTION

1. This document contains the complete plea agreement between the government and **John Wayne Morgan Jr.**, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B. THE DEFENDANT'S OBLIGATIONS

1. **John Wayne Morgan Jr.** shall appear in open court and plead guilty to count 1 of the indictment pending in this case.

C. THE GOVERNMENT'S OBLIGATIONS

1. If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees to dismiss the remaining count(s) of the

indictment after sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the indictment.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

3. The government acknowledges that this is a conditional plea, pursuant to Federal Rule of Criminal Procedure 11(a)(2), and that the defendant reserves his right to appeal the Court's adverse ruling as to the defendant's Motion to Dismiss and, should such appeal be successful, the defendant shall be allowed to withdraw his guilty plea.

D. SENTENCING

**John Wayne Morgan Jr.** understands and agrees that:

1. The maximum punishment on count 1 is a term of imprisonment of not more than 15 years (pursuant to 18 U.S.C. § 922(g)(1)) and a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571).

2. The defendant shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, official bank check, or money order payable to "Clerk, U.S. District Court";

3. As to Count one, the defendant may receive a term of supervised release of not more than 3 years in length in addition to any term of imprisonment imposed by the Court;

4. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

6. Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately, the defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

7. As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

8. This case is governed by the Sentencing Reform Act as modified by <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his counsel and understands and

acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

9. The sentencing judge alone will decide what sentence to impose; and

10. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. FORFEITURE

1. The Defendant understands and acknowledges that the Indictment contains a Forfeiture Notice. The Defendant consents and agrees forfeit to the United States, immediately and voluntarily, all of his rights, title, and interest in all assets attributable to him as listed in the Forfeiture Notice, specifically:

  a) a Glock pistol, Model: 23 Gen 4, Caliber: .40;

  b) a Glock Pistol, model: 21 Gen 4, Caliber: .45;

  c) a Bushmaster SBR model: XM15-E2S, Caliber: .223-5.56 mm;

  d) a Century Arms International AOW, model: Micro Draco, caliber: 7.62x39 mm; and

  e) ammunition

2. The Defendant acknowledges and agrees that forfeiture of the above-described assets is authorized and property pursuant to the provisions of 18 U.S.C. §§ 981 and 924(d), and 21 U.S.C. § 853 of the Federal Rules of Criminal Procedure. In the event that forfeiture is not authorized pursuant to those provisions, Defendant

acknowledges that surrender and transfer of these assets is a condition of this Plea Agreement.

3. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The Defendant further specifically agrees to the entry of a preliminary order of forfeiture of the above-described assets at the time of the Defendant's entry of a change of plea.

F. REINSTATEMENT OF ORIGINAL INDICTMENT

**John Wayne Morgan Jr.** understands and agrees that should this plea be overturned for any reason at a later date, the indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

G. ENTIRETY OF AGREEMENT

1. This plea agreement consists of this document and any addendum required by Standing Order 1.86. The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

H. SIGNATURES OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, **John Wayne Morgan Jr.** I concur in **John Wayne Morgan Jr.** pleading guilty as set forth in this plea agreement.

Dated: Nov 21, 2023

_____
Betty Marak
Attorney for Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 11-21-23

_____
John Wayne Morgan Jr.
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 11/09/23

BRANDON B. BROWN
United States Attorney

By: _____
J. Aaron Crawford
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
(318) 676-3600